IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-cr-94-ECM |
| | ) | [WO] |
| TABITHIA BANDY-EVANS | ) | |

**O R D E R**

Now pending before the Court are the United States Probation Office's ("USPO") petition for revocation of probation (doc. 76), and the United States and the Defendant's (the "parties") joint motion to impose judgment and waiver of final revocation hearing (doc. 110).

The Defendant is charged with two violations of the terms of her probation. In Violation 1, she is alleged to have violated the mandatory condition that she "shall not commit another federal, state, or local crime," in that on May 7, 2023, she was arrested by the Troy, Alabama Police Department and charged with two counts of Chemical Endangerment of a Child, in violation of ALA. CODE § 26-15-3.2(a)(1) (Class C felonies). In Violation 2, she is alleged to have violated the mandatory condition that she "shall refrain from any unlawful use of a controlled substance," in that on April 12, 2023, she tested presumptive positive for amphetamines and methamphetamines. The Defendant pleaded guilty to both counts in state court. On February 26, 2023, the Defendant was sentenced to 96 months' imprisonment, split to serve 18 months, with 24 months supervised probation to follow. After she completed her state sentence, the Defendant was taken into custody on the revocation petition before this Court.

Pursuant to the parties' agreement, the Defendant agrees to plead guilty to Violations 1 and 2. The parties submit that time served is an appropriate sentence, with no term of supervision to follow. The parties further represent that the Defendant "expressly waives her right to a final hearing on the Petition for Revocation of Probation." (Doc. 110 at 3). Based on a separate communication, the supervising United States Probation Officer expressed no objection to the parties' agreement.

For the following reasons, the Court will accept the parties' agreement; grant the revocation petition (doc. 76); revoke the Defendant's probation; and sentence her to time served, with no additional term of supervised release.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under this rule, the Defendant has the right to

> (A) written notice of the alleged violation; (B) disclosure of the evidence against [her]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [her] right to retain counsel or to request that counsel be appointed if [she] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation.

FED. R. CRIM. P. 32.1(b)(2). The rule also provides that a defendant can waive a revocation hearing: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." *Id.* (emphasis added); *see also United States v. Jones*, 798 F. App'x 494, 497 (11th Cir. 2020) (per curiam) ("The Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing." (citing FED. R. CRIM. P. 32.1(b)(2)). Based

on a defendant's express waiver, Rule 32.1(b)(2) permits a court to enter judgment without a revocation hearing.

The Court finds that the violation is a Grade B violation under the United States Sentencing Guidelines, *see* USSG § 7B1.1(a)(2); the Defendant's criminal history category is I; and the advisory guideline range of imprisonment is four to ten months, *see* USSG § 7B1.4(a). Consequently, to accept the parties' agreement and impose a sentence of time served, the Court would have to vary downward. The Court has considered the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' agreement. Based on these considerations, the Court finds that a sentence of time served is an appropriate sentence in this case, with no term of supervision to follow. In particular, the Court finds this sentence appropriate given that the Defendant has already served a term of imprisonment in state court greater than the advisory guideline range for the same conduct which is the subject of the revocation petition before this Court.

Accordingly, upon consideration of the entire record, and for good cause, it is

ORDERED as follows:

1. The parties' joint motion to impose judgment (doc. 110) is GRANTED;

2. USPO's petition for revocation of probation (doc. 76) is GRANTED;

3. The parties' agreement and the Defendant's express waiver of her right to a final revocation hearing are ACCEPTED;

4. Based on the Defendant's plea of guilty to Violations 1 and 2, the Court finds that the Defendant violated the mandatory conditions of the terms of her probation, specifically that she "shall not commit another federal, state, or local crime," and that she

"shall refrain from any unlawful use of a controlled substance";

5. The violation is a Grade B violation under the United States Sentencing Guidelines, *see* USSG § 7B1.1(a)(2); the Defendant's criminal history category is I; and the advisory guideline range of imprisonment is four to ten months, *see* USSG § 7B1.4(a);

6. The Court has considered the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' agreement. Based on these considerations, the Court finds that a sentence of time served is an appropriate sentence in this case, with no term of supervision to follow;

7. The final hearing on the revocation petition currently set for December 17, 2024 at 3:30 p.m. is CANCELLED;

8. Judgment will be entered separately.

Done this 21st day of November, 2024.

                                                   /s/ Emily C. Marks
                                       EMILY C. MARKS
                                       CHIEF UNITED STATES DISTRICT JUDGE